STATE v. MORGAN.

1. EXCEPTIONS based upon alleged refusals to charge matters not shown by the appeal record to have been requested, need not be considered, but were considered here *in favorem vitæ*.

2. DRUNKENNESS AS A DEFENCE.—As a general proposition, a drunken man, in the eye of the law, is just as responsible for his acts as a sober man would be; and drunkenness is not an excuse for homicide.

3. ACCIDENTAL SHOOTING—CARE.— Homicide is excusable when it results from the accidental discharge of a gun while held in position to ward off a threatened assault, provided the gun was handled with care.

4. DEGREE OF HOMICIDE—ILLUSTRATION.—There was no error in submitting to the jury the common illustration of a carpenter throwing down a scantling and killing a passerby, with notice and without. to explain a difference between murder and accidental homicide.

5. A REFUSAL OF A MOTION FOR A NEW JURY TRIAL cannot be considered on appeal.

Before ALDRICH, J., Greenville, November, 1892.

Indictment of J. W. J. Morgan for the murder of his father-in-law by the discharge of a gun loaded with shot on June 18, 1892. The defence was that defendant's gun was accidentally discharged, with the fatal result, while he was throwing up his gun to ward off from himself an impending blow from a hoe in the hands of deceased.

February 17, 1894. The opinion of the court was delivered by

MR. CHIEF. JUSTICE McIVER. The defendant was indicted for, and convicted of, the murder of L. Washington Hipps, and having been duly sentenced, appeals upon the following grounds:

1st. Because his honor refused to charge the jury that they had the right to consider the intoxication or drunkenness of the defendant in any event, even in determining the intent with which he acted, or whether he acted with malice.

2d. Because his honor, the Circuit Judge, not only refused to charge the jury as above set forth, but charged the jury as follows: "In the eye of the law, a man is responsible for his acts, and a drunken man is just as responsible as a sober man, because, if the law were otherwise, a man would only have to fill himself up with whiskey, and go on and perpetrate an offence, and then plead that he was under the influence of liquor. That is not the law of this State, and it never has been the law."

3d. Because his honor, the Circuit Judge, refused to charge the jury that if they believed from the evidence that the deceased drew the hoe to strike at the defendant, that he had a right to put himself in position to defend himself, and if under these circumstances the gun went off accidentally, he would not be guilty of any offence at all.

4th. Because the presiding judge not only refused to charge the jury as above requested, but in reference thereto charged as follows: "That would be correct law, gentlemen, if you also (believed) that he held that gun in a proper manner, and took particular care in holding it. I think this covers the case, he must have been careful in holding it."

5th. Because his honor, the Circuit Judge, did not charge the jury correctly as to the law of accidental killing, and did not charge the law fully with reference to the facts of this case, but, amongst other things, erroneously charged as follows: "If a workman in a town was on a house, and threw off a scantling, and gave due notice of the injury, and it hit some one and killed him, that would be an accident, and he should go free; but if, on the other hand, a workman in a town would throw a piece of scantling or other heavy substance off a house into a street where people are wont to pass, and it strikes and kills some one, that would be murder."

6th. Because his honor, the Circuit Judge, refused the defendant's motion for a new trial.

This case was submitted to us without argument on either side, and all that we know of it is derived from the record submitted here. The first remark which we have to make is that the record does not show that any requests to charge were submitted except that upon which the third ground of appeal is based; and that request was not really refused, but was simply modified by the very proper qualification, that where one seeks to be excused for taking the life of another with a deadly weapon, on the ground of accident, it must appear that due care was exercised in handling such weapon. We might, therefore, under the well settled rule, decline to consider all such grounds of appeal as rest upon refusal to charge alleged requests, where such requests do not appear from the record to have been made. But *in favorem vitæ* we will not hold the appellant to the strict rule in this case, and will proceed to consider the several grounds of appeal in their order.

The first and second grounds of appeal are intended to raise the question whether the alleged fact that defendant was drunk at the time the homicide was committed, should be con-

sidered by the jury in determining the question of the intent of defendant as bearing upon the question of malice. In the first place, we would remark that there is nothing in the evidence upon which such a question could be raised, for there is not only no evidence that the defendant had reached such a stage of drunkenness as might, under some authorities, warrant the raising of such a question; but, on the contrary, the defendant himself said, while on the stand as a witness, that he was not drunk at the time he committed the homicide. His answer to the question propounded by his own counsel, "Were you drunk when you shot Mr. Hipps?" was, "No, sir, I was not; I had just had two or three drinks." But it seems to us that the law upon the subject of drunkenness as an excuse for crime, as laid down in 1 Bish. Crim. Law, ch. 28, and especially sec. 401, amply vindicates the ruling of the Circuit Judge. See, also, *State* v. *Bundy*, 24 S. C., 444. There is nothing in this case which renders it necessary or even proper to go into any consideration of the supposed limitations of the general doctrine that voluntary intoxication furnishes no excuse for crime committed under its influence, which are discussed by Mr. Bishop in the chapter above referred to. These grounds must be overruled.

The third ground of appeal cannot be sustained, for, as we have seen, the request upon which that ground is based was not refused, but the proposition contained therein was modified, as common sense, as well as the authorities, clearly required. This covers also the fourth ground.

The fifth ground of appeal imputes error to the Circust Judge in using the illustration which he did as to the law of accidental killing. Inasmuch as a similar illustration has been used by standard writers on the criminal law, as may be seen by reference to 1 Russell on Crimes, *461, and 1 Bishop on Criminal Law, sec. 314, it is very obvious that this ground cannot be sustained.

The sixth ground, as has been often held, cannot be considered by this court, for it imputes no *error of law* to the Circuit Judge. Indeed, it does not appear from the

record submitted to us that any motion for a new trial was ever made.

The judgment of this court is, that the judgment of the Circuit Court be affirmed, and that the case be remanded to that court in order that a new day may be assigned for the execution of the sentence heretofore imposed.